# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00554-CV

**Elijah Williams, Jr., Eulah Lee Williams, and Gerald Duane Thomas, Appellants**

**v.**

**Never Lee Davenport and Phillip Davenport, Deceased, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. D-1-GN-11-003438, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Gerald Duane Thomas has filed a notice of appeal for himself, and on behalf of Elijah Williams, Jr. and Eulah Lee Williams,[1] seeking a default judgment from this Court in connection with disputed mineral rights against appellees Never Lee Davenport and Phillip Davenport, deceased.

Though the record indicates appellants filed a "motion for default summary judgment," as well as a "dual motion for final judgment," in the district court, it appears the appellants failed to obtain a final judgment from the district court. In fact, appellants point to no order from which they currently appeal. Instead, they seek direct relief from this Court. This Court

---

[1] Though Thomas filed a notice of appeal on behalf of himself, Elijah Williams, Jr., and Eulah Lee Williams, Thomas, acting pro se, lacked legal authority to appeal on any other person's behalf. *See, e.g.*, *Crain v. The Unauthorized Practice of Law Comm. of the Sup. Ct. of Tex.*, 11 S.W.3d 328, 332-34 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (explaining that a person who is not a licensed attorney may not represent other persons in legal matters).

requested that appellants explain what basis, if any, they have for jurisdiction before this Court. Appellants were unable to provide a satisfactory basis for jurisdiction. Accordingly, because appellants do not appeal any order, we are without jurisdiction to rule on the merits of the appeal. *See Ican Enterprise, Inc. v. Williamson Cnty. Appraisal Review Bd.*, No. 03-04-00622-CV, 2005 WL 66355, at *1 (Tex. App.—Austin Jan. 12, 2005, no pet.) (mem. op.) ("Appellants lack an order from which to appeal, and therefore this Court lacks jurisdiction to entertain the appeal."). This case is dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Henson

Dismissed for Want of Jurisdiction

Filed:   December 28, 2012

2